UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **LOUISE BROWN YARBRA,** | ) | BANKRUPTCY |
| | ) | CASE NO.: 22-51532-PMB |
| Debtor, | ) | CHAPTER 13 |
| ------------------------------- | | |
| **LOUISE BROWN YARBRA,** | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 22-05110-PMB |
| v. | ) | |
| | ) | |
| **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES III TRUST,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES III TRUST'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

COMES NOW, U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust ("Movant"), Defendant in the above-styled action, and files this Memorandum of Law In Support of Its Motion to Dismiss Plaintiff's Complaint With Prejudice pursuant to pursuant to Rule 7012, Federal Rules of Bankruptcy Procedure; Rules 7(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully showing this Honorable Court the following:

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Movant is a secured creditor of Debtor Louise Yarbra ("Debtor"), pursuant to a promissory note and security deed dated August 9, 2001. The security deed is recorded in Deed Book 13405, Page 1506, Cobb County, Georgia Records (the "Security Deed"). The Security Deed encumbers Debtor's principal residence, which is located at 410 Houston Place, Marietta, GA

Page **1** of **13**

30008 (the "Property"). A true and correct copy of the Note and Mortgage are attached to Movant's Proof of Claim and incorporated herein by reference.

2. As evidenced by Movant's Proof of Claim filed March 17, 2022, Debtor is in default under the terms of the promissory note and Security Deed and was due for the October 1, 2019 payment as of the date of the petition.

3. As a result of Debtor's default, Movant initiated foreclosure proceedings and scheduled a foreclosure sale for November 2, 2021.

4. On October 28, 2021, just prior to the foreclosure sale, Debtor filed a pro se Chapter 13 Bankruptcy under Case No. 21-58057 in the Northern District of Georgia, Atlanta Division. This case was dismissed on December 23, 2021 for failure to file information.

5. Thereafter, Movant resumed its foreclosure proceedings and scheduled a foreclosure sale for March 1, 2022.

6. On February 25, 2022, again just prior to the foreclosure sale, Debtor filed the instant Bankruptcy case as a pro se Debtor.

7. Thus, Debtor had two cases pending within the same year.

8. Pursuant to 11 U.S.C. 362(c)(3)(A), the automatic stay terminated on March 28, 2022.

9. The Debtor failed to file any motion to extend the stay as set forth in 11 U.S.C. 362(c)(3)(B).

10. On April 12, 2022, Movant filed a Motion to Relief from Stay, despite the fact that the stay had automatically terminated on March 28, 2022, as the Debtor had failed to make payments.

11. On May 9, 2022, Debtor's second case was dismissed for failure to comply with direction of the Court/failure to fund the Plan.

12. Thereafter, Movant rescheduled the foreclosure sale for July 5, 2022.

13. On May 22, 2022, Debtor filed a Motion to Reconsider Order of Dismissal claiming that she is able to fund her case.

14. On July 1, 2022, four days prior to Movant's foreclosure sale, this Court entered an Order Vacating Dismissal and Reinstating Case.

15. After a determination from Movant's Counsel that no automatic stay had been in effect since March 28, 2022, Movant proceeded with its foreclosure sale and the Property reverted to Lender.

16. On July 18, 2022, Movant's Counsel reached out to Debtor's Counsel to discuss a cash for keys offer to avoid a dispossessory action against Debtor.

17. After discussion, Debtor's Counsel did not agree with Movant's Counsel that the automatic stay had expired.

18. On July 29, 2022, Debtor's Counsel filed an Adversary Complaint to enforce the automatic stay and set aside the foreclosure sale.

19. Eleven days later, the Trustee filed another Objection to Confirmation and Motion to Dismiss, in part due to the Debtor's failure to make payments.

## ARGUMENT AND SUPPORTING AUTHORITY

**I.    STANDARD OF REVIEW**

20. This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 556, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a

complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, this principle is inapplicable to legal conclusions posed as allegations. *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will be dismissed. *Twombly*, 550 U.S. at 556.

21.    Faced with a motion to dismiss, a court should therefore "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation marks omitted). Moreover, "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (brackets and internal quotation marks omitted). "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), which held that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010) (internal quotation marks omitted). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011).

22. Additionally, Fed. R. Civ. P. 8 "…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1950. Rule 8 requires that a complaint have (1) a short and plain statement of the grounds for the court's jurisdiction; and (2) a short plain statement of the claim showing that the pleading is entitled to relief.

23. Debtor's complaint misconstrues 11 U.S.C. § 362(c)(3)(A) and ignores binding case law interpreting this statute in the Northern District that is directly on point. As a result, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Rule 8(a).

II. **THE DEBTOR FAILS TO STATE A CLAIM TO ENFORCE THE AUTOMATIC STAY AND SET ASIDE FORECLOSURE BECAUSE NO STAY WAS IN EFFECT AFTER MARCH 28, 2022.**

24. In order to state a claim to enforce the automatic stay and set aside the foreclosure sale, Debtor must establish that an automatic stay was imposed at the time of the July 5, 2022 foreclosure sale. Because: (1) The automatic stay terminated on March 28, 2022 under 11 U.S.C. § 362 (c)(3)(A); (2) Debtor did not move to extend the automatic stay prior to the March 28, 2022 termination of the automatic stay under 11 U.S.C. § 362 (c)(3)(B); and, there is no statute, rule, or current case law that affords reinstatement of the automatic stay after it has been terminated, Debtor cannot establish that a stay was in place at the time of the foreclosure sale, the cause of action must fail.

A. **Under 11 U.S.C. § 362(c)(3)(A), the automatic stay terminated on March 28, 2022 as to the Debtor AND as to the Bankruptcy Estate.**

25. Debtor must establish, as a threshold matter, that the Property was somehow exempt from the mandatory termination of the automatic stay and remained part of the Bankruptcy Estate in order to establish that she is entitled to the relief sought. 11 U.S.C. § 362(c)(3)(A) provides that, "…except as provided in subsections (d), (e), (f), and (h) of this section –

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

(2) [intentionally omitted – not applicable];

(3) if Debtor had a Chapter 13 case that was pending within the one year period preceding the filing of the instant Chapter 13 case, and that case was dismissed –

(A) the stay under subsection (a) with respect to <u>any action taken with respect to a debt or property securing such debt…shall terminate</u> with respect to the debtor on the 30th day after the filing of the later case…(emphasis added)."

26. Debtor's first case was dismissed on December 23, 2021 for failure to file information. Debtor's second case was filed on February 25, 2022. The first case was clearly pending within the year preceding Debtor's February 25, 2022 bankruptcy filing. Thus, 11 U.S.C. § 362(c)(3)(A) applies and the automatic stay with respect to the debt and the property securing such debt automatically terminated with respect to the debtor on the 30th day after February 25, 2022, which was March 28, 2022, unless Debtor moved to extend the stay.

**B. Debtor failed to extend the automatic stay prior to the March 28, 2022 termination of the automatic stay under 11 U.S.C. § 362 (c)(3)(B).**

27. If the Debtor asserts that the automatic stay was in place, in order to establish that she is entitled to the relief sought, given the applicability of 11 U.S.C. § 362 (c)(3)(A), the Debtor must establish, as a threshold matter, that she sought to extend, and the Court extended, the automatic stay prior to the mandatory termination of the automatic stay and remained part of the Bankruptcy Estate. 11 U.S.C. § 362(c)(3)(B) provides that, "on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed <u>before the expiration of the 30-day period</u>

<u>only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed</u>…(emphasis added)."

28. It is clear from the face of the record Debtor failed to file a motion, notice a hearing, demonstrate that the filing of the February 22, 2022 bankruptcy case was in good faith, or obtain a court order extending the stay, all of which is required to be completed prior to the mandatory termination of the stay on March 28, 2022.

29. Therefore, this Court cannot find that the Debtor performed the mandatory requirements under 11 U.S.C. § 362(c)(3)B) to extend the automatic stay prior to the expiration of the thirty day period through entry of a Court Order extending the stay, must find that the automatic stay was terminated as a matter of law on March 28, 2022, and must find that the automatic stay was <u>not</u> in place at the time of the foreclosure sale. Further, because there was no automatic stay in place, this Court cannot find that the foreclosure sale was held in violation of the automatic stay.

**C.     There is no statute, rule, or relevant, current case law that affords reinstatement of the automatic stay after it has been terminated.**

30. If the Debtor asserts that the automatic stay was in place and it cannot be established through 11 U.S.C. § 362 (a)-(c), the Debtor must establish another statute, rule, or relevant, current case law upon which she relies to assert that the automatic stay was not terminated on March 28, 2022.

31. Debtor expressly asserts that, despite the termination of the automatic stay on March 28, 2022, that the Court's July 1, 2022 Order vacating its May 9, 2022 dismissal of the bankruptcy case somehow gives Debtor a second bite at the apple and re-imposes the automatic stay. However, Debtor doesn't cite a statute, rule, or relevant, current case law for such a proposition and Movant was unable to locate same.

Page 7 of 13

32. Debtor further asserts, through communications with counsel, that the parties disagree as to whether 11 U.S.C. § 362(c)(3)(A) applies to the Debtor <u>and</u> property of the Bankruptcy estate. Debtor asserts that the relief from stay "as to the debtor" under the statute does not affect the stay "as to the estate property," pursuant to the plain language of the code. Debtor asserts that the property was not released from the bankruptcy estate at the time the automatic stay was terminated.

33. Debtor's counsel provided no explanation for his interpretation regarding bifurcation of the stay, other than that "the [Northern District of Georgia] typically applies the plain language interpretation the stay expires "as to the Debtor…(sic)"

34. However, the Northern District of Georgia has addressed the exact question of whether 11 U.S.C. § 362(c)(3) includes both a stay as to the debtor and as to estate property that is posed in the instant matter in *In re Keeler*, 561 B.R. 804 (Bankr. N.D. Ga. 2016) and found no such bifurcation or distinction.

35. In *In re Keeler*, the Northern District's newest published case addressing the question posed here, The Honorable Judge James R. Sacca found that, "because debtors did not obtain an order extending the automatic stay within 30 days after filing this petition, the automatic stay terminated by operation of law as to actions with respect to debtors' debts <u>and</u> property that secured the claim of a creditor or a lease." It further held that to bifurcate between the debtor and the bankruptcy estate would render 11 U.S.C. § 362(c)(3) useless.

36. The Court provided lengthy discussion as to the ruling which is instructive in this matter, that makes the following points:

    A. The phrase "with respect to the debtor" (emphasized above) has led to conflicting interpretations among the courts. To limit the termination of the

   automatic stay after 30 days to the debtor and non-estate property of the debtor, but not terminate the stay with respect to property of the estate would render 11 U.S.C. 362(c)(3)(A) devoid of practical effect.

B. Congress could not have intended an exception that would swallow the rule. The more appropriate interpretation provides for termination of the stay with respect to the debtor and his or her estate, but not with respect to a spouse or other co-debtor that did not have a case dismissed within the prior year.

C. The Court does not find the statute to be clear. Therefore, reading the statute in light of Congressional intent and the statutory scheme produces a sensible result that is not inconsistent with the language of the statute.

D. As previously discussed in this Court's decision in *In re Stubbs*, Case No. 12-55003-JRS (Sept. 5, 2012), this Court disagrees with *In re Thornton*, No. 07-70002-MHM, 2007 Bankr. LEXIS 3417 (Bankr. N.D. Ga. Aug. 30, 2007).[1] It seems that the interpretation of the statute under *Thornton* renders the statute completely ineffective.

E. The statute provides that it is the stay with respect to a debt and property that secures a debt or with respect to any lease that is terminated. The lease or

---

[1] In *Stubbs*, the Court reserved the issue of whether the phrase "with respect to the debtor" would terminate the automatic stay with respect to a Chapter 7 trustee. In *Walker*, Case No. 15-50285, [Doc. 46], this Court determined that "with respect to the debtor" did not include a Chapter 7 trustee so the stay would need to be lifted to terminate the Chapter 7 trustee's rights with respect to property of the estate. Because a Chapter 13 trustee does not have the same rights and obligations as a Chapter 7 trustee and, in particular, does not have an interest in the debtor's property, the termination of the stay under § 362(c)(3) as to the debtor in a Chapter 13 case sufficiently terminates the stay with respect to a debt or property securing a debt or a lease to, at the very least, allow the creditor or landlord to proceed to liquidate its claim, recover its collateral or possession of its property.

property that secures a debt would almost always include property of the estate. Based on that language, it makes no sense to this Court that Congress intended the stay to only terminate as to either a non-estate lease or non-estate property that secures a debt because that result has little practical significance.

F. The only practical way to proceed against the Debtors that also affords Movant any relief under the statute is to proceed against the property of the estate.

G. Courts are not supposed to interpret a statute in a way to render it ineffective.

H. It also does not seem appropriate to interpret a statute that is intentionally designed to limit the applicability of the automatic stay if the debtor cannot show the case was filed in good faith within the required time period in a

manner so favorable to the debtor that it effectively relieves the debtor from the statutorily imposed burden.

I. Congress included § 362(c)(3) in its 2005 Amendments for the purpose of limiting the effect of the stay in repeat filings, so it only makes sense if Creditors are allowed to proceed against property of the estate securing their claims if the debtor fails to show the new case was filed in good faith.

J. It is not unduly burdensome or unreasonable to require a debtor to file a motion to extend the stay and obtain an order to that effect within 30 days after the petition date upon a showing that the case was filed in good faith. That is clearly what Congress intended for the debtor to do in order to obtain the continued benefit of the automatic stay.

37. Because the Debtor cannot provide a statute, rule, or relevant, current case law supporting her position that the automatic stay remained in effect or was reinstated after March 28, 2022, this Court must find that the automatic stay was terminated as a matter of law on March 28, 2022, and must find that the automatic stay was <u>not</u> in place at the time of the foreclosure sale. Further, because there was no automatic stay in place, this Court cannot find that the foreclosure sale was held in violation of the automatic stay.

38. Lastly, because this matter involves a conflicting interpretation of the law, in the event the Court does not agree with Movant's interpretation, the Court cannot find that Movant acted willfully.

## **CONCLUSION**

Because the automatic stay terminated on March 28, 2022 under 11 U.S.C. § 362 (c)(3)(A); Debtor did not move to extend the automatic stay prior to the March 28, 2022 termination of the

automatic stay under 11 U.S.C. § 362 (c)(3)(B); and, there is no statute, rule, or current case law that affords reinstatement of the automatic stay after it has been terminated, Debtor cannot establish that a stay was in place at the time of the foreclosure sale, the cause of action against Movant must fail, and this Court should dismiss this matter with prejudice.

Respectfully submitted this 19th day of October, 2022.

By: /s/ Erin M. Rose Quinn
Erin M. Rose Quinn, Esq.
Georgia Bar No. 547833
*Counsel for Movant*
Quinn Legal, P.A.
19321 US Hwy 19 N, Suite 512
Clearwater, FL 33764
Phone: (727) 474-9603
Fax: (727) 474-9583
eservice@quinnlegal.com
equinn@quinnlegal.com
kmiller@quinnlegal.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2022, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record.

Respectfully submitted this 19th day of October, 2022.

By: /s/ Erin M. Rose Quinn
Erin M. Rose Quinn, Esq.
Georgia Bar No. 547833
*Counsel for Movant*

Quinn Legal, P.A.
19321 US Hwy 19 N, Suite 512
Clearwater, FL 33764
Phone: (727) 474-9603
Fax: (727) 474-9583
eservice@quinnlegal.com

equinn@quinnlegal.com
kmiller@quinnlegal.com

Page **13** of **13**