**IT IS ORDERED as set forth below:**



Date: January 11, 2023

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. **22-51532-PMB** |
| **LOUISE BROWN YARBRA,** | ) |
| | ) CHAPTER 13 |
| Debtor, | ) |
| _____ | ) |
| **LOUISE BROWN YARBRA**, | ) |
| | ) ADVERSARY PROCEEDING |
| Plaintiff, | ) |
| | ) **22-05110-PMB** |
| v. | ) |
| | ) |
| **U.S. BANK TRUST NATIONAL** | ) |
| **ASSOCIATION, AS TRUSTEE OF** | ) |
| **THE CABANA SERIES III TRUST**, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Plaintiff-Debtor named above, Louise Brown Yarbra (the "Plaintiff"), initiated this proceeding (the "Adversary Proceeding") by filing a *Complaint to Enforce Automatic Stay and Set Aside Foreclosure* on July 29, 2022 (Docket No. 1)(the "Complaint"). This matter comes before the Court on *Defendant U.S. Bank Trust National Association, As Trustee of the Cabana Series III Trust's*

*Motion to Dismiss Plaintiff's Complaint with Prejudice* and an accompanying *Defendant U.S. Bank Trust National Association, As Trustee of the Cabana Series III Trust's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint with Prejudice,* filed by U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust (the "Defendant") on October 19, 2022 (Docket No. 4)(the "Motion to Dismiss").  On November 7, 2022, the Plaintiff filed *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss* (Docket No. 5)(the "Response").

### I.    FACTUAL BACKGROUND

On October 28, 2021, the Plaintiff filed, *pro se*, a case under Chapter 13 of Title 11, United States Code (the "Bankruptcy Code"), which was dismissed on December 23, 2021 for failure to file list of creditors (Case No. 21-58057-PMB, Docket Nos. 1, 17).  Less than twelve (12) months later, on February 25, 2022 (the "Petition Date") the Plaintiff filed, *pro se*,[1] the underlying bankruptcy case under Chapter 13 of the Bankruptcy Code (Case No. 22-51532, Docket No. 1)(the "Main Case").  Within the first thirty (30) days following the Petition Date, the Plaintiff did not file a motion or obtain an order extending the automatic stay of 11 U.S.C. § 362(a).

On April 12, 2022, the Defendant filed, in the Main Case, a *Motion for Relief From Stay* (Main Case, Docket No. 23)(the "Motion for Relief"), seeking to terminate the automatic stay as to the Defendant for purposes of allowing it to enforce its security interest in certain real property of the Plaintiff's estate, commonly known as 410 Houston Place, Marietta, Georgia 30008 (the "Property").[2] The Defendant set the Motion for Relief for a hearing on May 19, 2022; however, on May 9, 2022,

---

[1] W. Jeremy Salter filed a *Notice of Appearance and Request for Notice and Papers* on April 8, 2022 (Main Case, Docket No. 17)(the "Notice of Appearance"), stating his appearance in the case on behalf of the Plaintiff.  Since the Notice of Appearance was filed, the Plaintiff has been represented by counsel in both the Main Case and the Adversary Proceeding.

[2] In the Motion for Relief, the Defendant does not assert, as it does here, that the stay is not in effect, even though the Motion for Relief was filed some forty-six (46) days after the Petition Date.  Instead, the Defendant there seeks standard relief from the stay pursuant to 11 U.S.C. § 362(d)(2), asserting that the Plaintiff has no equity in the Property and that no reorganization is possible.  The Plaintiff obviously disagrees, as her schedules filed in this case show equity in the Property of approximately $100,000.

2

the Main Case was dismissed for failure to make plan payments pursuant to the *Order of Dismissal* (Main Case, Docket No. 27)(the "Dismissal Order"). On May 22, 2022, the Plaintiff filed a *Motion to Reconsider Order of Dismissal* (Main Case, Docket No. 30), explaining that her failure to make payments was due to her cancer diagnosis and subsequent hospitalization, but that she was now home from the hospital and could successfully prosecute her bankruptcy case. An *Order Vacating Dismissal and Reinstating Case and Extending the Deadline for Filing Governmental Proof of Claims* was entered on July 1, 2022 (Main Case, Docket No. 32)(the "Reinstatement Order"). Pursuant to the Reinstatement Order, the Dismissal Order was vacated *in toto*.

On July 5, 2022, after the Main Case was reinstated, the Defendant prosecuted a non-judicial foreclosure of the Property. The Defendant withdrew the Motion for Relief on July 12, 2022 without explanation (Main Case, Docket No. 36). The Plaintiff became aware of the sale on July 18, 2022, via an email to the Plaintiff's counsel requesting that the Plaintiff vacate the Property. *See* Complaint, ¶ 18; Response, Exhibit 1. Two (2) weeks later, the Plaintiff filed the Complaint seeking to void the foreclosure proceeding and to have the Property returned to the bankruptcy estate to be treated through her Chapter 13 plan.

## II.    DISCUSSION

In the Motion to Dismiss, the Defendant alleges that the Plaintiff has failed to state a claim upon which relief can be granted as required under Federal Rule of Civil Procedure 12(b)(6), made applicable herein through Federal Rule of Bankruptcy Procedure 7012(b).[3] The Defendant argues that the Plaintiff cannot establish that a stay was in place at the time of the foreclosure sale, because

---

[3] "[T]o survive a motion to dismiss, a complaint must now contain factual allegations that are 'enough to raise a right to relief above the speculative level.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), quoted in *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). In considering a motion to dismiss, the Court restricts its inquiry to the legal feasibility of the allegations in the complaint and whether they set forth facts as opposed to labels or mere conclusory statements.

3

the automatic stay terminated under 11 U.S.C. § 362(c)(3)(A) on March 28, 2022. The Plaintiff argues in the Response that she has sufficiently alleged that the stay was still in place with respect to the Property because Section 362(c)(3)(A) does not terminate the stay as to property of the estate.

The parties do not dispute whether the Property was property of the bankruptcy estate prior to the foreclosure sale or whether the automatic stay in this case suffered whatever version of termination is provided for under Section 362(c)(3)(A); instead, they disagree only about whether Section 362(c)(3)(A) terminated the stay in this case with respect to property of the estate – specifically the Property. If it did, the foreclosure sale was not stayed, and the Property now belongs to the Defendant. If it did not, then the Defendant violated the automatic stay in conducting the foreclosure sale, such that the sale is void, the Property still belongs to the Debtor, and the Defendant is subject to sanctions for violating the stay by conducting the foreclosure sale.

The question before the Court turns on the interpretation of 11 U.S.C. § 362(c)(3)(A). Section 362(c)(3)(A) of the Bankruptcy Code provides that when an individual debtor in a Chapter 7, 11, or 13 case had a previous case dismissed within one (1) year prior to filing, "the stay with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case."

Mandatory authority does not exist to assist this Court in its interpretation of Section 362(c)(3)(A), and courts nationally are split on the meaning of that Section, and in specific on the meaning of the phrase "with respect to the debtor" within it.[4] The majority of courts follow the "partial release" theory, finding that the language "with respect to the debtor" terminates the stay

---

[4] Bankruptcy courts in the Northern District of Georgia have generally, but not entirely uniformly, operated under the partial release theory. *See In re Ajaka*, 370 B.R. 426 (Bankr. N.D. Ga. 2007)(stating that Section 362(c)(3)(A) does not apply to terminate the stay as to property of the estate); *In re Thornton*, 2007 WL 7140155 (Bankr. N.D. Ga. Aug. 30, 2007)(same); *In re Milledge*, 2008 WL 7866897 (Bankr. N.D. Ga. Apr. 10, 2008); *In re Houchins,* 2014 WL 7793416 (Bankr. N.D. Ga. Oct. 29, 2014); *In re Cook*, 614 B.R. 635, 641 (Bankr. N.D. Ga 2020)(distinguishing the effect of the automatic stay under Section 362(c)(3) and 362(c)(4)); *but see In re Keeler*, 561 B.R. 804 (Bankr. N.D. Ga. 2016)("*Thorton* and similar cases generally base their holdings on what they consider to be the plain reading of the statute, but this Court does not find the statute to be so clear.")(citing *In re Thorton, supra*).

4

imposed by 11 U.S.C. § 362(a) only regarding the debtor, but not with respect to the bankruptcy estate. *See Abernathy, LLC v. Smith*, 2014 WL 4925654 at *4 (N.D. Ga. Sept. 30, 2014)(holding that "the stay automatically imposed by 11 U.S.C. § 362(a) expired by operation of 11 U.S.C. § 362(c)(3) as to the debtor …, but not as to the bankruptcy estate"); *Rinard v. Positive Invs., Inc. (In re Rinard)*, 451 B.R. 12, 19–20 (Bankr. C.D. Cal. 2011); *In re Johnson,* 335 B.R. 805, 806 (Bankr. W.D. Tenn. 2006)("When read in conjunction with subsection (1), the Court finds that the plain language of 362(c)(3)(A) dictates that the 30–day time limit only applies to 'debts' or 'property of the debtor' and not to 'property of the estate'").  A minority of courts find the language of Section 362(c)(3)(A) ambiguous and instead conclude that, to give effect to what they perceive as the intent of Congress, Section 362(c)(3)(A) should be read to terminate the stay not only with respect to the debtor and the debtor's property but also with respect to property of the estate. *See In re Reswick*, 446 B.R. 362, 368, 372 (B.A.P. 9th Cir. 2011)(noting that Congress enacted Section 362(c)(3)(A) in 2005 for the purpose of discouraging bad faith repeat filings, and that terminating the stay as to the debtor but not the estate would render this provision "devoid of any practical effect"); *St. Anne's Credit Union v. Ackell*, 490 B.R. 141, 145 (D. Mass. 2013); *In re Curry*, 362 B.R. 394, 400–01 (Bankr. N.D. Ill. 2007)(finding the language susceptible to multiple interpretations, requiring the adoption of an interpretation consistent with the overall statutory scheme).  This Court agrees with the majority, partial release view for the following reasons.

     First, when tasked with construing a statutory provision, a court's inquiry begins with the statutory text, as "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992).  Looking at each word in Section 362(c)(3)(A), both the subject, "the stay," and the verb, "shall terminate," are specifically qualified by language limiting exactly which aspects of the stay created under Section 362(a) are terminated and the extent to which they are

5

terminated. "[T]he subject of the sentence, 'the stay [under subsection (a)],' is limited in three significant respects: (1) with respect to an action taken with respect to a *debt,* (2) with respect to an action taken with respect to *property securing such debt* [], and (3) with respect to any action taken with respect to any lease." *In re Scott-Hood,* 473 B.R. 133, 137 (Bankr. W.D. Tex. 2012)(emphasis in original); *see First Financial Bank v. Clark*, 627 B.R. 663, 666 (N.D. Ind. 2021)("Congress enacted the stay to apply to these categories under 11 U.S.C. § 362(a) expressly, using the specific category's name.").

The verb "shall terminate" is qualified by the phrase "with respect to the debtor." *In re Scott-Hood,* 473 B.R. at 138. There is a difference between "the debtor" and "the estate." In fact, both words are distinctly defined in the Bankruptcy Code. *See* 11 U.S.C. § 101(13) ("The term 'debtor' means person or municipality concerning which a case under this title has been commenced."); 11 U.S.C. § 541(a) ("Such estate is comprised of all the following property, wherever located and by whomever held: …"). Read together, 11 U.S.C. § 362(c)(3)(A) terminates the automatic stay with respect to actions taken against the debtor and against property of the debtor; not with respect to property of the estate. *See Rinard v. Positive Invs., Inc. (In re Rinard),* 451 B.R. at 19–20 ("The plain text of § 362(c)(3)(A) is crystal clear that the automatic stay is terminated with respect to the Debtor. There is no mention of the Estate in the text. There are no fuzzy words; there are no hanging paragraphs; there are no words requiring a dictionary ...").

Second, the plain meaning controls "unless reliance on the plain language would lead to an absurd result." *Abernathy, LLC v. Smith*, 2014 WL 4925654 at *4 (N.D. Ga. Sept. 30, 2014)(citing *United State v. Segarra,* 585 F.3d 1269, 1271 (11th Cir. 2009)). Though not perfect, application of this statute is not absurd and in fact is more harmonious with the remainder of Section 362 and the Bankruptcy Code than the minority rule. The partial release theory allows for practical application

6

in all three (3) chapters of the Bankruptcy Code, whereas the minority view does not.[5]  For example, in a Chapter 7 case if the stay were to terminate as to property of the estate, a Chapter 7 trustee, whose main duty under Section 704(a)(1) is to "collect and reduce to money property of the estate," would not be able to realistically complete such task.  *See In re Thu Thi Dao*, 616 B.R. 103, 107 (Bankr. E.D. Cal. 2020)("[C]onvincing analysis [of the minority view] must explain how § 362(c)(3)(C) functions for a chapter 7 trustee, who, if property of the estate loses stay protection per § 362(c)(3)(A), would be subjected to an impossibly short deadline to prove by "clear and convincing evidence" that the chapter 7 case was filed in good faith ....").  Under the partial release theory, "the trustee in a chapter 7 case need not worry about creditors attempting to enforce their debts against the trustee, or against unencumbered property of the estate."[6]  *In re Scott-Hood,* 473 B.R. at 139.  This is true in a Chapter 13 case as well.  *See Id.* ("There is still a debtor, as distinct from a trustee and as distinct from the estate or its property.").

Further, terminating the stay as to only the debtor and their property does not render the provision devoid of practical effect.  The stay is still lifted, just narrowly.  For example, if a debtor does not move under Section 362(c)(3)(B) to extend the stay, "suits against the debtor can commence or continue postpetition because section 362(a)(1) is no longer applicable; judgments may be enforced against the debtor, in spite of section 362(a)(2); collection actions may proceed against the debtor

---

[5] Any interpretation of this provision must make sense in the context of a Chapter 13 case, which the Plaintiff filed under here, as well as a Chapter 7 and 11 case, as Section 362(c)(3) expressly applies to "a debtor who is an individual in a case under chapter 7, 11, or 13."

[6] Some courts have attempted to read the language "as to the debtor" to specifically protect the rights of a Chapter 7 trustee, while still following the minority rule that the stay is lifted as to property of the estate.  *See In re Keeler,* 561 B.R. 804, 807 n.4 (Bankr. N.D. Ga. 2016)("In *Walker*, …, this Court determined that 'with respect to the debtor' did not include a Chapter 7 trustee so the stay would need to be lifted to terminate the Chapter 7 trustee's rights with respect to property of the estate.").  There is nothing in the code that suggest the language should be interpreted and applied differently in each chapter, i.e. reading "as to the debtor" broadly in a Chapter 13 case such that it includes property of the estate but narrowly in a Chapter 7 case such that it does not include a Chapter 7 trustee.  *See In re Thu Thi Dao*, 616 B.R. at 114 ("A court cannot just add in words to a statute to get the result they want in each particular scenario.  There is a canon against construing a statute to achieve absurd results. Extending "against the debtor" in § 362(c)(3) to encompass the chapter 7 trustee's interest in "property of the estate" is Exhibit A for absurdity.").

despite section 362(a)(6); and liens against the debtor's property may be created, perfected and enforced regardless of section 362(a)(5)." *First Financial Bank v. Clark*, 627 B.R. at 668-69 (citing *In re Williams*, 346 B.R. 361, 368-69 (Bankr. E.D. Pa. 2006)). Further, creditors are not left without a remedy to protect their collateral that is property of the estate, as creditors may move for relief under Section 362(d) at any time if a debtor is abusing the automatic stay.

Third, although this Court finds the plain language of 11 U.S.C. § 362(c)(3)(A) unambiguous, and therefore no look into the legislative history is necessary, such review is instructive and consistent with the plain language of the statute. Even though under the partial release view, one-time repeat filers receive a lesser consequence than some courts believe is reasonable, it is fair to believe that this is exactly what the drafters intended, based on the fact that Sections (c)(3) and (c)(4) were drafted differently. In Section 362(c)(3), Congress could have added "and the property of the estate" as it did multiple times in Section 362(a)[7] or removed the qualifying language altogether as it did in Section 362(c)(4).[8]

Courts in favor of the minority view argue that "because Congress included § 362(c)(3) in its 2005 Amendments for the purpose of limiting the effect of the stay in repeat filings, it only makes sense if landlords and secured creditors are allowed to proceed against property of the estate securing their claims if the debtor fails to show the new case was filed in good faith." *In re Keeler*, 561 B.R.

---

[7] *See* 11 U.S.C. §§ 362(a)(2), (a)(3), (a)(4).

[8] Under 11 U.S.C. § 362(c)(4) "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, …, *the stay under subsection (a) shall not go into effect* upon the filing of the later case." (emphasis added). Similarly, if the minority view were what was intended under Section 362(c)(3), "the stay with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case" could have been shortened to "the stay shall terminate on the 30th day after the filing of the later case." The enacted version of the statutory provision simply has too many words for it to mean what the minority view suggests.

8

804, 808 (Bankr. N.D. Ga. 2016).[9] However, these courts fail to explain why a lesser consequence is not in line with the drafters' intent as the plain language of Section 362(c)(3)(A) does limit the effect of the stay. *See Abernathy, LLC v. Smith*, 2014 WL 4925654 at *4 ("[W]hile a partial release imposes a less harsh penalty than a complete release, this "nonetheless discourages abusive filings and, therefore, is a result that is neither absurd nor demonstrably at odds with the intention of drafters."); *In re Williams*, 364 B.R. 361, 369 (Bankr. E.D. Penn. 2016)("In balancing the respective interests of an individual secured creditor against creditors as a whole, Congress apparently decided that the concerns of abusive bankruptcy filings as to secured creditors were less acute in instances of second filings within one year, as opposed to third filings.").

Additionally, the partial release theory furthers one of the bankruptcy law core policies of "obtaining a maximum and equitable distribution for creditors." *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 563, 114 S. Ct. 1757, 128 L. Ed. 2d 556 (1994). The property typically at issue in these circumstances, just like the Property here, "may be necessary to implement a debtor's Chapter 13 plan; or, in a Chapter 7 case, equity in the property above the creditor's security interest could be realized by the trustee to pay a dividend to creditors." *See In re Holcomb*, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008). Thus, the partial release view properly allows for the enforcement of Section 362(c)(3)(A) according to its plain language and in a manner that does not produce a result demonstrably at odds with the intentions of its drafters.

---

[9] The Defendant, in the Motion to Dismiss, relies heavily on *Keeler* for the proposition that the minority view is the proper and binding rule for courts in the Northern District of Georgia. As stated above, there is no binding precedent in the Eleventh Circuit on this issue. Further, though the court in *Keeler* purports to adopt the minority approach, it does not actually do so, stating that "this Court is not prepared at this time to hold that the termination of the stay in this case extends to any action beyond Movant recovering possession of its property or liquidating its claim. To this Court, the termination of the automatic stay in § 362(c)(3) may have been intended to be more limited than a complete termination based on the language of the statute." *Id.* at 809.

### III.    CONCLUSION

Accordingly, given the plain meaning of Section 362(c)(3)(A), it is clear that the stay automatically expired as to the Plaintiff after thirty (30) days from the Petition Date, but not as to property of the bankruptcy estate. Specifically the stay under Section 362(a) remains in effect as to the Property. Therefore, in regards to the Defendant's allegations in the Motion to Dismiss, the Plaintiff has successfully stated a claim that the Defendant violated the automatic stay by foreclosing on the Property without proper permission from the Court. In view of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss is **DENIED**; and it is further

**ORDERED** that pursuant to Federal Rule of Bankruptcy Procedure 7012(a) the Defendant shall file an answer to the Complaint within fourteen (14) days of the date of the entry of this Order.

The Clerk is direct to serve a copy of this Order upon the Plaintiff, counsel for the Plaintiff, the Defendant, counsel for the Defendant, and the Chapter 13 Trustee.

**[END OF DOCUMENT]**